**BILLY ALFARO**

**P.O. BOX 19195**

**LOS ANGELES, CA 90019**

**(323)977-5770**

**billiana8801@hotmail.com**

**IN PROPER**

## UNITED STATES DISTRICT COURT

## FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

BILLY ALFARO,                          ) Case No.

    Plaintiff,                          )

          vs.                                    ) COMPLAINT FOR FEDERAL

UNITED STATES OF AMERICA, LT Mr. Rodriguez,) TORT CLAIM AND BIVENS

DHO Mr. A. Guzman, MLP Mrs. Rachel Cardi,  ) ACTION

CD and Dr. Mr. Dean Cardi, AHSA Mr. Craig, et al )

    Defendants,                          ) TRIAL BY JURY

### JURISDICTION

1. This court has jurisdiction over this case pursuant to 28 U.S.C. 1331. This case arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b),2671-2680 and Bivens v Six Unknown Named Agents.

2. Pursuant to 28 U.S.C, 2675(a), The claim set forth herein was presented to the Federal Bureau of prisons (BOP) on December 30, 2022. The BOP denied the claim on March 7, 2023. Plaintiff has therefore exhausted all administrative remedies.

### VENUE

3.  Venue is proper under 28 USC 1381(e) and 28 USC 1402(b). During all times of the claim, plaintiff was in custody of the Federal Bureau of Prisons and house Federal Correctional Institution La Tuna (LAT) by force of the BOP, but now that I have recovered my freedom, I reside in Los Angeles County, a county within the Central District of California.

**PARTIES**

4.  Plaintiff **Billy Alfaro** resides at 2810 7th Avenue, Los Angeles, CA 90018.

5.  As **Defendants the United States of America** is an appropriate defendant under the Federal Tort Claims Act. It is being sued in their official capacity.

    A. **Disciplinary Hearing Officer Mr. A. Guzman (Guzman)**at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX  79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

    B. **Mid-level Practitioner Mrs. Rachel Cardi (Cardi)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX  79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. She is being sued in her individual capacity.

    C. **Clinical Director and Doctor Mr. Dean Cardi (Dean)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX  79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

    D. **Assistant Health Services administrator Mr. Craig (Craig)**at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX  79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

    E. **Associate Warden Mr. Aguirre (Aguirre)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX  79821 915-791-9000 Defendant is employed as a Federal

Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

F. **SIS investigator Mr. Corral (Corral)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

G. **Counselor Mr. Orozco (Orozco)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

H. **Nurse Mrs. G. Garza (Garza)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. She is being sued in her individual capacity.

I. **Warden Mrs. E. Hijar (Hijar)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. She is being sued in her individual capacity.

J. **Psychologist Dr. Robinson (Robinson)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. He is being sued in his individual capacity.

K. **Chief Psychologist Dr. Egan (Egan)** at F.C.I. La Tuna 8500 DONIPHAN ROAD ANTHONY, TX 79821 915-791-9000 Defendant is employed as a Federal Correctional Officer for the Federal Bureau of Prisons at F.C.I. La Tuna. The events occurred during the performance of their job. She is being sued in her individual capacity.

## STATEMENT OF FACTS

6. At all times herein mentioned, plaintiff was a male in his early-30's that suffered from Major Depressive Disorder (MDD), anxiety, bipolar disorder, ADHD, Avoidant Personality Disorder (APD), Spinal Stenosis, Fibromyalgia, Autism, Neurofibroma's, enlarged prostate, kidney cysts, Vitamin-D deficiency and asthma in the custody and care of the BOP. He was housed at LAT

7. In November 2021 I was sent from LAT to a RRC for my last year in custody. Upon arrival at the RRC I immediately sought treatment for my diverse medical and mental problems which had been neglected in the previous decade.

8. Several months before leaving LAT Corral who is the lead SIS at LAT which means he controls what happens in the SHU witness a discussion at the Lieutenants office between Lieutenant Rodriguez, Garza, and myself about me forgetting to attend pill line. Corral interject and threaten me to drag me from my bed to pill-line and then throw me in the SHU if I miss pill-line. SHU has been an extreme negative phase for me that I feared going to SHU as I have been victim of assault, sexual harassment, less medical care access, and my mental health deteriorates. This left me fearful of Corral and I requested to be removed from pill-line specially that the medication was not helping.

9. Garza also stated that she would make a note on my file and email all the providers that pass out medication stating the agreement being reached and that any absence to pill-line would result in me receiving an incident report for discipline.

10. On August 16, 2022 a day after the BOP forced the psychiatric hospital to release me through the harassment from the RRC as I was still having issues and the psychiatrist had not seen me to see how the medication was working or anything I was picked up by the U.S. Marshal to be returned to LAT. I returned on August 23, 2022.

11. At MDC-LA I saw the doctor and medical staff which noted my medication and medical problems and made note of the new diagnosis made while at the RRC. I was also seen by the psychology department as they were concerned for my mental health. They had a very long chat with me and even ended doing a suicide risk assessment as they were concerned.

12. Knowing how the BOP in general operates upon arrival to LAT I immediately informed staff again of all my medication that had been prescribed at the RRC and which I had already informed the BOP at MDC-LA even though they should of already known as they were the ones approving and paying for whatever medication I received.

13. I also smarted emailing Cardi who would be the one that would be the starting point to whatever medical treatment I would getting. Knowing the I had already initiate a civil action against the bureau I was leaving a paper trail for everything.

14. I also started emailing Craig so that as an administrator he could intervene wherever possible as I was trying to continue the medical and mental treatment that had been initiate while at the RRC so I could be prepared to work upon release from the BOP.

15. Cardi at my encounter with her she refused to continue all treatment and did not provide an alternative. Also medical problems that had been inputted by the doctor at MDC-LA were removed by Cardi even though they existed. She also took away my lower bunk pass even though the doctor at MDC-LA based on my medical condition had already approved the pass for the remainder of my sentence.

16. In numerous occasion by multiple people I was told that LAT did not care what other medical providers from other institution said or did as LAT did things there own way even though that are policies and procedure set forth by central office that are mandatory for all institutions.

17. My continuous emailing to Cardi trying to get her to address all my medical needs led to her falsely accusing me of harassment and being that her husband Dean was her superior he had staff that were not medical staff step in to my medical consultations with his wife violating my privacy protected by HIIPA.

18. My psychiatric medication was not fully continued and there excuse what "if you truly need it, you can get it when you get out you are short to the door". The discontinuation of my medication obviously had negative effects of my mental health which no help was provided.

19.  Cardi inputted incorrect information into my medical file. The medical records that were sought by Carde to confirm the conditions I claimed were secretively processed and was not informed or called in to talk about them or to be provided care.

20.  I received incident reports for not attending pill-line while other inmates did not, nor is there an specific code being violated per the Inmate Disciplinary Program 5270.11 which made it seem that these incident reports were targeted and retaliatory.

21.  Mental health treatment sought was denied and sent away. Dental care was denied. Medical appointments for complaints new and old were scheduled after release like that I could not complain that I was not being scheduled but at the same time I would not be seen.

## CLAIM I (Negligence Claims)

a. Negligence claims for the total disregard of my medical and mental health care needs. I had been in the bureau's custody since December 2009 so all my medical and mental health care needs went through the bureau. I was discharged from the psychiatric hospital after a nine day stay on August 15, 2022. I had surgery pending for the removal of several painful neurofibromas. I was waiting to see the neurosurgeon. I needed continuance to my mental health treatment. I needed continuance of my medical treatment. Nothing of this occurred.

Even though I reported to superiors of the issues they stood by and allowed things to go wrong. I would email all staff involved but nothing became of it.

## CLAIM II (Medical Malpractice)

a. Medical malpractice by removing me of my medication provided at the psychiatric hospital and not providing me an alternative nor any types of care for my condition (Bipolar). When I pressed an issue I was told by Robinson that I could obtain my medication upon release.

b. Medical malpractice by not providing care for my ADHD claiming that the BOP does not provide care due to concern of drug abuse for Adderall. This claim is false and contrary to

was the BOP has established in there Clinical Practice Guidelines which specify how to provide treatment and the availability of non-addictive medication which can not be abused.

c. Medical malpractice by not providing medical care for my diverse medical conditions and scheduling medical care for the business day after I get release after making me wait months when it should only take a few of weeks.

## CLAIM III (BREACH OF DUTY OF CARE UNDER 18 U.S.C. 4042(a))

22. The bureau breached its duty to providing care specifically medical and mental health care which interfered with my right to be free of having pain inflicted on me and reintegrating back into society. They retaliated for exercising my rights and fighting for them. They breached its duty of providing for the safety of the people entrusted into there care by allowing the introduction of illicit drug and at time being an accomplice to such actions.

## CLIAM IV (FALSE IMPRISONMENT)

23. On October 26, 2022 I was falsely accused of stealing when an abandon blanket that a laundry worker had left for me due to the fact that laundry had neglected in providing me the two blankets that they are suppose to by policy and at night it was getting cold and cold is what provokes my asthma. At the disciplinary hearing I informed Guzman of what happened and he stated that my version is what he believed but because it was not issued directly by staff he was still going to find me guilty of possession of something not authorized which is a lesser offense as he did not was to just throw out his co-workers incident report.

24. With the reduction of charge I would no longer be qualified to lose good conduct time but specially could not lose good conduct time as I had not more good conduct time in the year being prorated. Yet Guzman took away 14 days of good prolonging my time in BOP custody. I appealed this action but the appeal went no where. I left prison with my delayed outdate before I even got a response. These additional 14 days the BOP should of not had custody of me.

## CLAIM V (1ST and 8th Amendment violations)

25.   My 1st and 8th amendment rights were violated by using intimidation tactics and infliction of pain and unusual punishment by means of the actions by Corral, Garza, and Cardi. My 1st amendment right to access of court was obstructed by the delay in the administrative remedy process which at times rendered the issue at had moot as I had already surved the punishment, been released from prison, etc. I was not accommodated for my diverse medical issues as required by the ADA, on the contrary I was punished for it.

## Injury Suffered

26.   The injuries suffered are the unavailability to obtain the medical and mental health care need in the community and even though  they could make it available they failed to provide care for my broad base bulge at the L2-L3, L3-L4, L4-L5, L5,S1, Facet arthropathy at the L3-L4, L4-L5, central protrusion/extrusion at T2-T3,T6-T7, L4-L5, L5-S1, neural foraminal narrowing at the T1-T2, T2-T3, T6-T7, T9-T10, T11-T12, L1-L2, L2-L3, L3-L4, L4-L5,  mild to moderate canal stenosis at T1-T2,T6-T7, L3-L4, L5-S1, moderate to severe canal stenosis at L4-L5, desiccation at T1-T2, T2-T3, T6-T7, T8-T9, T9-T10, T11-T12, paracentral extrusion at T1-T2, T11-T12, posterior lateral extrusion T2-T3, T6-T7, annular disc bulge T8-T9, posterior lateral disc osteophyte complex T9-T10, paracentral protrusion at T11-T12.

25.   Emotional distress, suicidal ideation, atrophy of muscular strength/ endurance, infliction of pain, mental anguish, several plexi-neurofibromas that cause pain, carpal tunnel syndrome, PTSD, autism, worsening of my mental health due to depression and anxiety and untreated bipolar disorder, kidney cysts and enlarged prostate, trauma from the sexual harassment and sexual abuse suffered during and before incarceration. I was harmed in not being able to find housing, being employable, and being able to find housing upon release. I suffer from trauma as an extreme paranoia and distrust of others has develop due to the

abuses and cover up of each other from law enforcement when they are the ones we are suppose to trust and see as role models.

## Relief Requested

26.    I respectfully request the following relief for the lack of action/actions, and violations of my rights, and the breach of duty of care by the United States of America and the defendants in this action:

1. $13,000 in total for the actions of the United States of America.

2. Money restitution from each individual defendant sued in there individual capacity that there action(s) violated my rights and impacted my situation which results in requesting restitution from:

Defendant Guzman $8,600.00

Defendant Cardi $3,400.00

Defendant Dean $6,800.00

Defendant Craig $6,800.00

Defendant Aguirre $6,800.00

Defendant Corral $6,800.00

Defendant Garza $3,400.00

Defendant Hijar $6,800.00

Defendant Doe $6,800.00

Defendant Robinson $6,800.00

Defendant Egan $6,800.00

3. Reserve the right to medical coverage for required health care in the future paid by the defendant at doctors of my discretion and or have additional money set aside to cover future medical bills as currently it is unknown the true condition of my back as I have still not been sent to a spine specialist that has made a determination nor is it known how

much of the damage/ injury is reversible or curable, and the amount, if any, of medical care needed. It is unknown if I will be able to work a full time job.

4. Have the defendant pay for all the necessary treatment to bring my pain down, bring my disability percentage down (according to the most recent physical therapy evaluation my disability percentage is 48%), get my shoulders treated, and be back in form to work 40-hour weeks.

5. Trial by a jury of my peers

Respectfully submitted by plaintiff on this 30th day of September 2023 under oath that everything in this complaint is true to the best of my knowledge and memory.

_____                    _____9/30/2023_____
Signature                                                          Date